IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 10-427-4 |
| v. | : | |
| | : | CIVIL ACTION |
| ROBERT SNYDER | : | NO. 12-2594 |

-----

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 10-427-5 |
| v. | : | |
| | : | CIVIL ACTION |
| CHRISTAL SNYDER | : | NO. 12-2593 |

MEMORANDUM

Bartle, J.                                              August 7, 2012

Before the court are the motions of defendant Robert Snyder, a former Philadelphia Police Officer, and defendant Christal Snyder, his wife, (the "Snyders") to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255.

Robert Snyder pleaded guilty on February 7, 2011 to conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846; possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; possession with intent to distribute 100 grams or more of heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2; use of a communication facility in furtherance of drug trafficking, in violation of 21 U.S.C. § 843(b); conspiracy to commit robbery which interferes with interstate commerce, in violation of 18

U.S.C. § 1951 and § 2; attempted robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951 and § 2; and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and § 2.

On May 10, 2011, the court sentenced Robert Snyder to 157 months in prison. The court had found the advisory sentencing guideline range to be 97-121 months for all counts except Count 18, which carried a consecutive mandatory minimum 60 month sentence for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).

Christal Snyder pleaded guilty on February 15, 2011 to the same charges as her husband, plus four additional counts of use of a communication facility in furtherance of drug trafficking, in violation of 21 U.S.C. § 843(b). The court calculated her advisory sentencing guideline range to be 78-97 months for all counts, except Count 18 which, as in the case of her husband, carried a 60 month consecutive mandatory minimum term of imprisonment for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The court imposed imprisonment of 126 months, a sentence outside of and below the range of the advisory sentencing guideline system.

In their respective plea agreements, the Snyders agreed that they would neither appeal nor present any collateral

challenge to their convictions or sentences, except under limited circumstances. Specifically, the waivers provided:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
> (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above; or
> (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;
> (3) the sentencing judge, exercising the Court's discretion pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.
> If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

Waivers of appellate rights, if entered into knowingly and voluntarily, are valid. See <u>United States v. Khattak</u>, 273 F.3d 557, 562 (3d Cir. 2001). However, "[t]here may be an

unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." Khattak, 273 F.3d at 562.

The initial question before us is whether the Snyders' waivers of their rights to appeal or collaterally attack their sentences were knowing and voluntary. Prior to accepting the Snyders' pleas, the court held a separate hearing with each defendant to review the provisions of the plea agreements, as required by Rule 11 of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 11(b). During each hearing, the court verified that the defendant had signed the plea agreement, had read and understood the provisions of the agreement, had conferred with his or her attorney about the agreement, and was agreeing to plead guilty freely and voluntarily. The court discussed with the Snyders the rights they were relinquishing by pleading guilty and the consequences of doing so and confirmed that they understood those rights and those circumstances. Defendants were told of the maximum possible penalties they faced. In going over the provisions of the plea agreement with the Snyders, the court focused on the waiver of the right to attack their sentences collaterally. In sum, the record clearly establishes that the Snyders' guilty pleas were knowing and voluntary.

The agreements signed by defendants, as noted above, included certain exceptions which would void the enforcement of the waiver of any appeal. United States v. Jackson, 523 F.3d 234, 244 (3d Cir. 2008). None of the three exceptions to the

waiver is implicated here.  The government did not file an appeal, and the terms of imprisonment which the court imposed on the Snyders were less than the statutory maximum and did not represent upward departures from the applicable guideline range. Indeed, in the case of Robert Snyder, the sentence was at the bottom of the guideline range, and in the case of Christal Snyder, it was below the guideline range.

Because the Snyders' waivers were knowing and voluntary, and because none of the specific exceptions is present here, we must determine whether enforcing the waiver would work a miscarriage of justice.  Id.; see also Khattak, 273 F.3d at 562. Our Court of Appeals has not articulated a precise definition of "miscarriage of justice," but it has provided several factors to consider when determining whether to enforce an otherwise proper appellate waiver.  See Khattak, 273 F.3d at 563.  "These factors include 'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" Jackson, 523 F.3d at 243 (quoting Khattak, 273 F.3d at 563).  Our Court of Appeals has further explained that a miscarriage of justice occurs when:  the defendant should have been permitted to withdraw his guilty plea, United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005); the defendant did not understand the plea agreement itself due to ineffective assistance of counsel, United

States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007); counsel was ineffective in failing to file timely an appeal raising an issue explicitly exempted from the appellate waiver provision, id.; and the government breached its own obligations under the plea agreement, United States v. Schwartz, 511 F.3d 403, 405 (3d Cir. 2008).

There was no miscarriage of justice in this case. While the defendants claim that they wished to appeal their sentences, they waived their rights to appeal with exceptions which were not applicable here. The Snyders' argument that the requirement for them to file separate § 2255 motions is violative of their rights is also without merit. The Snyders also raise arguments concerning their culpability and plead for leniency. These contentions also fail. The "unusual circumstances" contemplated by Khattak are simply not present here. Khattak, 273 F.3d at 563.

Accordingly, the motions of Robert Snyder and Christal Snyder under § 2255 will be denied. A certificate of appealability will not issue.[1]

---

1. Because the "motion and the files and records of the case conclusively show" that the Snyders are not entitled to relief, an evidentiary hearing is not required. 28 U.S.C. § 2255(b); see also Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).